IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,

                             OPINION AND ORDER

               Petitioner,

                             14-cv-448-bbc

     v.

JUDY P. SMITH, Warden,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Donald Newell is a prisoner at the Oshkosh Correctional Institution in Oshkosh, Wisconsin, serving a sentence from his 2007 conviction in the circuit court of Chippewa County on ten counts of sexual assault of a mentally ill person.  Case no. 2006 CF 122.  He has filed a petition in which he requests relief "via Habeas Corpus action under Title 28 U.S.C. § 2241 / 2254 / 2255 (whichever one applies on sentencing attacks)."  Pet., dkt. #1, at 6.  Petitioner also asks for release from confinement "with compensation," and he states that "[t]he matter under controversy is under 42 U.S.C. § 1983."  Pet., dkt. #1, at 6.  Further, petitioner labeled this filing a "motion," and later filed a motion asking the court to construe his filing as either a motion that continues his appeal process or as a "complaint" in a "separate action" because he "does not know the exact terms to use."  Mot., dkt. #3, at 3.

The question is whether petitioner should be granted an opportunity before screening

1

to clarify to the court whether he intends to file a civil rights complaint or a habeas petition. Although petitioner seems to be confused about how to proceed, all of his claims relate to the validity of his conviction or the length and terms of his sentence (claims which are not available in a § 1983 case). Furthermore, he labeled his filing as "habeas" and cited "Title 28 U.S.C. § 2241 / 2254 / 2255," and he named his warden as "defendant." Pet., dkt. #1, at 6. Thus, I conclude that petitioner intended to file a habeas petition only. Cf. Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (when petitioner sought injunctive relief related to medical care and complained of conditions of confinement rather than validity of confinement, but named the warden as a defendant, court concluded that dismissal without prejudice was appropriate rather than recharacterization of petition as civil rights complaint, noting that "[i]n most cases, . . . the district court should evaluate cases as the plaintiffs label them"); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) ("[D]istrict judges should afford the relief to which the prevailing party is entitled without regard to errors in the pleadings.").

Because petitioner is a state prisoner, 28 U.S.C. § 2254 appears to be the only applicable statute for habeas relief. Therefore I have screened his petition under Rule 4 of the Rules Governing Section 2254 Cases, and I conclude that it must be denied.

OPINION

This is the fourth petition for a writ of habeas corpus that petitioner has filed in this court challenging his 2007 conviction for sexual assault of a mentally ill person. The first

was denied and dismissed without prejudice for petitioner's failure to exhaust state court remedies. Case no. 09-cv-76-bbc. The second was dismissed without prejudice because all but one of petitioner's grounds appeared to be procedurally defaulted, but petitioner informed the court that he wished to dismiss the petition entirely to pursue exhaustion of those grounds. Case no. 10-cv-707-bbc.

I denied petitioner's third petition because his grounds for relief were all procedurally defaulted. Case no. 12-cv-432-bbc. In that case, I noted that petitioner had filed two motions for post conviction relief under Wis. Stat. § 974.06 (under which a prisoner may collaterally attack his conviction after the time for appeal or postconviction remedy has expired) that were denied by the state trial court, and the Wisconsin Court of Appeals ruled that petitioner's claims "have either already been litigated or are procedurally barred" and affirmed the circuit court's order. State v. Newell, No. 2011AP1605, 2012 WI App. 73, ¶ 1, 342 Wis. 2d 250, 816 N.W.2d 351. (The court of appeals also issued sanctions for petitioner's frivolous appeal. Petitioner did not request review from the Wisconsin Supreme Court or the United States Supreme Court.) Petitioner appealed my ruling, and the Court of Appeals for the Seventh Circuit denied petitioner a certificate of appealability and his motion for rehearing en banc. Case no. 13-2395. The United States Supreme Court denied his petition for certiorari. Case no. 13-8794.

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner gets one opportunity to fully litigate his petition for habeas corpus. Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) ("If . . . a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to

raise a [federal] collateral attack,' . . . then it does count for purposes of [barring successive petitions under] § 2244(b).") (quoting O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998)).  If the petitioner has had that opportunity and files a second or successive application for habeas relief, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.   28 U.S.C. § 2244(b)(3)(A).  This requirement to seek approval from the court of appeals extends to any claims that were not presented in the first litigation as well.  Id.

        In this case, petitioner's third petition provided him a full and fair opportunity to litigate his habeas claims.  Benik, 337 F.3d at 766 ("[P]etitions that have been denied on the merits, that the petitioner voluntarily dismisses in the face of an imminent loss, or that have been denied based on a procedural default do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment.") (internal citations omitted).  Further, petitioner does not assert that he has obtained permission to file a successive petition and a search of the court of appeals' electronic records does not show that the court has granted him this permission.  Therefore, I must dismiss the petition.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

        One final matter must be addressed.  Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when denying a petition.  To obtain a certificate of appealability, the petitioner must make a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this case is not a close one for the reasons discussed above, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Donald Newell's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the Court of Appeals for the Seventh Circuit under Fed. R. App. P. 22.

3. Petitioner's motion related to the proper labeling of his filing, dkt. #3, is DENIED as moot.

Entered this 30th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge